# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GORDON, | CIVIL NO. 3:24-CV-01745 |
| Plaintiff, | |
| v. | |
| FRANK GOBES, ESQUIRE, | (Magistrate Judge Latella) |
| Defendant. | |

## MEMORANDUM OPINION

In this *pro se* action, Plaintiff John Gordon raises claims against Defendant Frank Gobes, Esq. stemming from the litigation of his mother's estate. (*See* Doc. 1). Before the Court is Plaintiff's Motion to Transfer (Doc. 33). For the reasons set forth herein, the motion will be granted and this matter will be transferred to the Southern District of New York.

I.     PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Complaint against Defendant Frank Gobes on October 11, 2024. (Doc. 1). Plaintiff filed a

1

motion for default judgment on November 21, 2024. (Doc. 7). Defendant filed a Motion to Dismiss on November 27, 2024. (Doc. 8). On that same date, Plaintiff filed a brief in support of his motion for default judgment. (Doc. 9).

Both parties consented to have a magistrate judge conduct all proceedings in this matter, including trial and entry of a final judgment. (Doc. 11).[1] The Court denied the motion for default judgment on December 4, 2024. (Doc. 13). Plaintiff again filed a motion for entry of default on December 6, 2024, (Doc. 15), and a supporting brief on December 10, 2024, (Doc. 16). On December 11, 2024, Plaintiff filed a brief in opposition to Defendant's Motion to Dismiss. (Doc. 17). Plaintiff then filed an additional brief in support of his motion for entry of default on December 12, 2024. (Doc. 18). The Court again denied Plaintiff's motion for entry of default on December 16, 2024. (Doc. 19).

On December 30, 2024, Defendant filed a brief in support of his Motion to Dismiss, arguing, among other things, that this Court lacked

---

[1] We filed a notice on June 24, 2025, informing the parties of our intention to continue to exercise the jurisdiction the parties had previously consented to absent any objection from the parties. (Doc. 31). No such objections were filed.

personal jurisdiction over Defendant.  (Doc. 22).  Plaintiff filed a brief in opposition to the Motion to Dismiss on January 21, 2025.  (Doc. 27).  Defendant filed a reply brief in further support of his Motion to Dismiss on February 4, 2025.  (Doc. 28).

Plaintiff filed a "Motion for Leave of Court to Amend Complaint to Add Parties" ("Motion to Amend") and a supporting brief on June 11, 2025.  (Docs. 29, 30).  Defendant filed a brief in opposition to the Motion to Amend on June 25, 2025.  (Doc. 32).  Plaintiff filed a "Motion to Request Transfer of Venue" on August 30, 2025, (Doc. 33), and a supporting brief on September 12, 2025, (Doc. 34).  Plaintiff filed a Motion to withdraw his Motion to Amend on September 13, 2025.  (Doc. 35).

## II.    DISCUSSION

Plaintiff has moved to transfer venue pursuant to 28 U.S.C. § 1406 and 28 U.S.C. § 1404(a).  Defendant has not filed an opposition to Plaintiff's motion and pursuant to Local Rule 7.6, the deadline for Defendant to do so was October 10, 2025.  M.D. Pa. Lr. 7.6.[2]

---

[2] We note that "[g]enerally, motions may be granted in favor of the moving party on the grounds that the motion is deemed unopposed

In a civil action, venue may lie in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  It is plain from the facts set forth in the Complaint that venue is not proper in the Middle District of Pennsylvania. Defendant does not reside in the Middle District of Pennsylvania and none of the events giving rise to Plaintiff's claims occurred here.  (*See generally*, Doc. 1).

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to

---

under the Local Rules." *Sabol v. Allstate Property and Cas. Ins. Co.*, 309 F.R.D. 282, 285 (M.D. Pa. 2015) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)).  Notwithstanding the fact that Plaintiff's Motion to Transfer is unopposed, we will consider the substance of the motion rather than granting it solely on that basis.

any district or division in which it could have been brought." A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); *see also Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").

This action could have been brought in the Southern District of New York. The events giving rise to this action occurred in Westchester County, New York and Defendant's address is listed as White Plains, New York, which is also in Westchester County. (*See, e.g.*, Doc. 1 at 2, 6; Doc. 8 at ¶11, p.8). Westchester County is located within the Southern District of New York. *See* United States District Court for the Southern District of New York, https://www.nysd.uscourts.gov; *see also* 28 U.S.C. § 1391(b)(1),(2) (a civil action may be brought in a judicial

5

district in which any defendant resides or a judicial district in which a substantial part of the events giving rise to the claim occurred).

Further, it is in the interest of justice to transfer this matter to the Southern District of New York. Courts often find that transfer is in the interest of justice to adequately protect *pro se* litigants' rights. *See Abouloh v. Lehigh Cnty. Prison*, No. 3:25-CV-00617, 2025 WL 1804971, at *2 (M.D. Pa. June 30, 2025); *Bailey v. Kirsch*, No. 1:19-CV-1281, 2019 WL 3336966, at *2 (M.D. Pa. July 24, 2019); *Ortiz v. Zborovanick*, No. 3:23-CV-1345, 2023 WL 6621553, at *2 (M.D. Pa. Oct. 11, 2023). Likewise, here we find that transfer protects the rights of the *pro se* Plaintiff and avoids any potential prejudice that might flow from outright dismissal.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Transfer to the Southern District of New York is granted. An appropriate order follows.

**Dated:** October 23, 2025         */s/ Leo A. Latella*
                                    **LEO A. LATELLA**
                                    **United States Magistrate Judge**

6